IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RASHAD BYRD,**  *Plaintiff,*  v.  **Sheriff DAVID DAVIS,** *et al.,*  *Defendants.* | **CIVIL ACTION NO. 5:21-cv-00125-TES-CHW** |

### ORDER OF DISMISSAL

After frivolity review of Plaintiff's pro se prisoner[1] Complaint [Doc. 1], the Court allowed Plaintiff's claims of deliberate indifference to safety against Defendants Houston, Borders, and Stubbs to proceed for further factual development. *See* [Doc. 7]; [Doc. 17]. The Court dismissed Plaintiff's claims against all other Defendants. *See* [Doc. 7]; [Doc. 17]. Next, the Marshals attempted service on the remaining Defendants. When the Deputy Marshal attempted to serve the Bibb County Defendants at the county jail, jail personnel told the Deputy Marshal that Plaintiff had recently died. Although the USM 285 Process Receipts for Defendants Stubbs, Houston, and Borders each include remarks stating Plaintiff is deceased, the Deputy Marshal nonetheless served

---

[1] When Plaintiff filed his pro se Complaint, he was incarcerated at the Bibb County jail. *See* [Doc. 1].

Defendants with process. [Doc. 29]; [Doc. 30]; [Doc. 31]. Relying on these process receipts, the Court assumes that Plaintiff had died before these Defendants were served.

As noted in the served process, Defendants Houston, Borders, and Stubbs were required to file an Answer or other response upon being served. *See* [Doc. 26]; [Doc. 27]; [Doc. 28]. As of today, they have not done so. Additionally, despite the informal mention of Plaintiff's death on the USM 285 Process Receipts, no Defendant has made any attempt to comply with Federal Rule of Civil Procedure 25, which provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

The Court notes that Defendants should have filed a suggestion of death as well as an Answer or other response as appropriate under the Federal Rules. However, as Plaintiff proceeded pro se, there is no evidence of an estate to prosecute his claim, and there is no one—at least on the record—to notify of Plaintiff's death. Plaintiff has no listed home address on the record, Defendants have no listed address on the docket, and Defendants have no listed attorney on the docket. And again, Plaintiff died before the remaining Defendants were served.

In short, the existence of a cause of action necessarily "assumes a legal entity with a right to assert it." *Adelsberger v. U.S.*, 58 Fed. Cl. 616, 618 (2003). But, a deceased

person is not a legal entity. *See Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969).[2] To be sure, that means a dead plaintiff does not have Article III standing—a pre-requisite to a federal suit. *See LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 952–53 (9th Cir. 2020); *House v. Mitra QSR KNE LLC*, 796 F. App'x 783, 784 (4th Cir. 2019); *Hernandez v. Smith*, 793 F. App'x 261, 265 (5th Cir. 2019); *Harris v. US Bank Nat'l Ass'n as Tr. for Structured Asset Inv. Loan Tr. Mortg. Pass-Through Certificates, Series 2004-2*, No. 20-2005, 2021 WL 7542603, at *3 (6th Cir. Sept. 10, 2021). Because a deceased plaintiff does not have standing, that "jurisdictional defect . . . cannot be cured." *House*, 796 F. App'x at 784. If a plaintiff does not have Article III standing, then a federal court does not have subject-matter jurisdiction. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). Moreover, should Plaintiff ultimately have an estate created that could file suit on his behalf, that estate would have the potential benefit of the Georgia tolling statute, O.C.G.A. § 9-3-92.

For these reasons, the Court **DISMISSES** this case.

**SO ORDERED**, this 6th day of January, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] "[T]he decisions of the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth'), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit . . . ." *Bonner v. City Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).